No. 49,517

GAIL D. PRENTICE, *Appellee*, v. ACME MACHINE & SUPPLY CO., INC., d/b/a DENVER ROLLER CORRUGATING, a Colorado Corporation, *Appellant*.

(601 P.2d 1093)

Opinion filed October 27, 1979.

*Douglas C. Spencer*, Oakley, argued the cause and *James A. Spencer*, Oakley, was with him on the brief for the appellant.

*Thomas C. Boone*, Hays, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HERD, J.: Gail Prentice sued Acme Machine and Supply Co., Inc. on a theory of strict liability to recover damages for substantial injuries to his right hand which became caught in the rollers of a machine manufactured by Acme. The case was tried to a jury and Prentice recovered $160,000. Acme appealed the judgment to the court of appeals. In an unpublished opinion, the court of appeals found the instructions given at trial were clearly erroneous and reversed the trial court. This court granted Prentice's petition for review to resolve whether the instructions given at trial were clearly erroneous.

Appellant Gail Prentice was an employee of Don Smith, who owned and operated a commercial feedlot near Goodland. Smith used two roller mills to grind grain. The roller mills had been purchased from the manufacturer, Acme Machine and Supply Co., Inc. The mills were designed with an outer inspection door which could be opened while the machine was running to insure the grain was feeding properly through the rollers. While the inspection doors were open, there were no protective guards in front of the moving rollers shielding the viewer from the rollers, nor was there a notice on the outside of the machine to warn of possible danger from operating the roller mill with the inspection doors open.

On October 10, 1975, in response to an alarm bell, appellant approached the machine to inspect the rollers in order to insure the corn was feeding properly through the grinders. He opened the inspection doors, resting his hand on the top, far edge of the door and watched the corn pass through the grinders. Prentice testified the next thing he knew his hand had slipped the twenty-three inches from the top of the inspection door to the grinder teeth. He does not know how his hand traveled that distance.

Prentice sued Acme and Smith alleging negligence. He amended his petition at pretrial to allege strict liability against Acme. Prentice eventually settled with his employer Smith and abandoned his claim of negligence against Acme. The case was tried against Acme on the theory of strict liability.

Prentice contends the roller mill is defective because the inspection doors can be opened while the mill is running and the moving roller grinders are easily accessible and have no protective barriers to shield them from the worker. In addition, Prentice argues the mill is defective because there was no warning of any danger posted on or near the inspection doors.

In its brief to the court of appeals and again to this court, Acme argues it is entitled to judgment as a matter of law by virtue of certain admissions made by Prentice. Acme failed to move for a directed verdict at the close of plaintiff's case and again at the close of trial. The issue was raised as a request for judgment notwithstanding the verdict in Acme's post-trial motion for a new trial. At oral argument, appellant conceded he had waived any appellate review he might have had because of failure to move for a directed verdict (K.S.A. 60-250[b]), and he abandons the issue on appeal.

The sole question before this court is whether the instructions given by the trial court to the jury were clearly erroneous. We believe they were. Therefore, neither party's failure to request or object to the instructions at trial precludes appellate review. K.S.A. 60-251(b).

The following instructions, in addition to others with which we are not concerned, were given at trial:

"No. 2.  A manufacturer of a product has the duty to use ordinary care in the design of the product, insofar as the safety of the article will be affected by its design for the use for which it is intended. This includes a duty to design the product so that it will fairly meet the uses which can reasonably be anticipated.

"No. 3.  A manufacturer of a product which he knows is potentially dangerous

to users thereof, has a duty to give adequate warning of such danger where injury to a user thereof can be reasonably anticipated if an adequate warning is not given.

"No. 4. An employee assumes all the ordinary risks of employment known to him or which by the exercise of reasonable care he should have known. Assumption of risk will bar recovery by an employee only as to inherent risks remaining after the employer has performed those duties imposed on him by law. The risk that the employer may be negligent in performing his duty is not one that the employee assumes.

"No. 5. The plaintiff, Gail D. Prentice, is entitled to recover from the defendant, Acme Machine and Supply Company, for his injuries provided you find the following from the evidence:

"(1) The defendant, Acme Machine and Supply Company, is engaged in the business of manufacturing and selling roller mills.

"(2) The product was in a defective condition unreasonably dangerous to persons who might be expected to use the product.

"(3) The product was in a defective condition at the time it left the control of the defendant, Acme Machine and Supply Company.

"(4) The product was expected to reach and did reach the hands of the plaintiff without substantial change in the condition in which it was manufactured and sold.

"(5) The defect in the product was the cause or contributed to cause plaintiff's injuries and damages."

These instructions were not proper in light of plaintiff's choice to proceed under a theory of strict liability.

Instructions two and three are adaptions of PIK Civ. 2d 13.02 and 13.05 (1977) and improperly present negligence issues to the jury. The question of whether a manufacturer exercised ordinary care in the design of a product as raised in instruction two, is not a proper issue under the theory of strict liability. In addition, the duty to warn in instruction three would be proper in a negligence case, but is not proper here, although we have stated the failure to warn may make a product defective under the theory of strict liability. *Jones v. Hittle Service, Inc.,* 219 Kan. 627, 549 P.2d 1383 (1976).

Instruction four is an adaption of PIK Civ. 2d 7.22 (1977), and is the assumption of risk instruction applicable in employee-employer cases. *Borth v. Borth,* 221 Kan. 494, 561 P.2d 408 (1977); *George v. Beggs,* 1 Kan. App. 2d 356, 564 P.2d 593, *rev. denied* 225 Kan. 844 (1977). The instruction was particularly confusing because Prentice's employer Smith was at one time a party to the action. Smith, however, appeared only as a witness during the trial and not as a party. Although the court instructed the jury Smith was "no longer in any way involved in the trial except as a

witness" and that "the jury should not concern itself with the fact that Mr. Smith was once a party," the instruction is misleading and confuses the employer's position in the case. In addition, the instruction does not properly reflect the defense of unreasonable use of a product under strict liability, which is available to Acme as the manufacturer of the product. PIK Civ. 2d 13.23 should have been given in lieu of instruction four.

Instruction five is a proper statement of PIK Civ. 2d 13.22, but it was given without PIK Civ. 2d 13.21, which explains many of the terms used in 13.22. The two instructions should be given together for maximum understanding of the law.

We find the instructions given were clearly erroneous and did not express the law of strict liability. The jury instructions should have included PIK Civ. 2d 13.21, 13.22 and 13.23 (1977). On appeal, Acme requests further instructions regarding a manufacturer as an insurer, the design safety of the product and the manufacturer's duty to warn. In light of our findings herein, these instructions are not proper for this case. In addition, we adhere and adopt that portion of the court of appeals opinion eloquently delivered by Judge Rees, which states:

"[W]e do not intend to direct with exactness the instructions to be given on the issue of liability. Our observations and conclusions go only to our decision that this case must be retried for the reason that we find clear error in the instructions given to the jury that returned the verdict underlying the judgment now reviewed. It may be that certain modifications of the basic instructions or even additional instructions should be given to deal with particular nuances of the theory of strict liability as applied to the entirety of the facts in this case. . . . [W]e express no opinion with regard to the possible applicability of comparative negligence (K.S.A. 60-258[a]), or comparative fault (see *Brown v. Keill,* 224 Kan. 195, 580 P.2d 867 [1978], and *Wilson v. Probst,* 224 Kan. 459, 581 P.2d 380 [1978]) to this and other cases prosecuted on the theory of strict liability in tort." (Case No. 49,517, unpublished, filed March 16, 1979.)

Judgment of the court of appeals reversing the district court is affirmed. The case is remanded for a new trial on all issues.

FROMME, J., not participating.