**David R. CHAMBERLAIN, Plaintiff,**

**v.**

**SCHMUTZ MANUFACTURING COMPANY, INC., et al., Defendants.**

**Civ. A. No. 80–2191.**

United States District Court,
D. Kansas.

Feb. 2, 1982.

Donald V. Pierce, Jr., DeYoung & Pierce, Kansas City, Mo., William B. Barker, Jand-

era & Gregg, James P. Nordstrom, Fisher, Patterson, Sayler & Smith, Topeka, Kan., for plaintiff.

Bryan E. Nelson, Alder, Zemites, Nelson & McKenna, Overland Park, Kan., for defendants.

## MEMORANDUM & ORDER

SAFFELS, District Judge.

This matter comes before the Court on defendant's motion to amend his answer to add a defense based on the Kansas Product Liability Act. This action was commenced on May 23, 1981, and was precipitated by an injury to plaintiff allegedly caused by a defective product manufactured by defendant. The Kansas Product Liability Act [to be codified at K.S.A. 60–331, *et seq.*; hereinafter "the Act"], became effective July 1, 1981. The question presented is whether that portion of the Act relating to presumptions concerning the "useful safe life" of a product may be applied retroactively to this litigation.

Defendant seeks to amend his answer to set forth a defense based upon section three (3) of the Act, 1981 *Kan.Sess.Laws*, Chapter 231, which states in part:

> "(b)(1) In claims that involve harm caused more than 10 years after time of delivery, a presumption arises that the harm was caused after the useful safe life [of the product] had expired. This presumption may only be rebutted by clear and convincing evidence."

Plaintiff opposes this amendment on the ground that the Act did not go into force and effect until July 1, 1981. *See Kan.Sess. Laws*, Chapter 231, § 7. ["This act shall take effect and be in force from and after its publication in the statute book." (July 1, 1981)]

The United States Supreme Court has stated, "the first rule of construction is that legislation must be considered as addressed to the future, not the past ... [and] a retrospective operation will not be given to a statute which interferes with antecedent rights ... unless such be 'the unequivocal and inflexible import of the terms, and the manifest intention of the legislature.' " *Greene v. United States*, 376 U.S. 149, 160, 84 S.Ct. 615, 621, 11 L.Ed.2d 576 (1964), quoting from *Union Pac. R. Co. v. Laramie Stock Yards Co.*, 231 U.S. 190, 199, 34 S.Ct. 101, 102, 58 L.Ed. 179 (1913).

In Kansas, the general rule of statutory construction is that a statute will operate prospectively unless its language clearly indicates that the legislature intended that it operate retrospectively. *Eakes v. Hoffman-LaRoche, Inc.*, 220 Kan. 565, 552 P.2d 998 (1976); *Johnson v. Warren*, 192 Kan. 310, 387 P.2d 213 (1963); *Ellis v. Kroger Grocery Co.*, 159 Kan. 213, 152 P.2d 860 (1944). A statute will not be given retrospective application unless the intent of the legislature is clearly and unequivocally expressed. *Lyon v. Wilson*, 201 Kan. 768, 443 P.2d 314 (1968); *In re Estate of Brown*, 168 Kan. 612, 215 P.2d 203 (1950). This rule is to be applied when a new statute is enacted which creates a new liability not existing before under the law, or which changes the substantive rights of the parties. *Nitchals v. Williams*, 225 Kan. 285, 590 P.2d 582 (1979).

The general rule is modified where the statutory change is merely procedural or remedial in nature and does not affect the substantive rights of the parties. *Crow v. City of Wichita*, 222 Kan. 322, 566 P.2d 1 (1977); *Eakes v. Hoffman-LaRoche, supra; Lyon v. Wilson, supra; Jones v. Garrett*, 192 Kan. 109, 386 P.2d 194 (1963). While generally statutes will not be construed to give them retroactive application unless it appears that such was the legislative intent, nevertheless, when a change of law merely affects the remedy or law of procedure, all rights of action will be enforced under the new procedure without regard to whether they accrued before or after such change of law and without regard to when the suit was instituted. *Jones v. Garrett, supra*. In *Jones*, the Court defined "procedure and practice" as the mode of proceeding by which a legal right is enforced.

Retrospective application is in the first instance a matter of legislative intent. The

legislature expressly provided that the Act was to take effect upon its publication in the session laws. This provision, however, does not dispose of the question, because remedial statutes may nonetheless be applied retrospectively without regard to their effective date. A legislative pronouncement concerning an act's effective date should be distinguished from a legislative pronouncement concerning the act's retrospective application. The legislature knows how to make an act expressly prospective in application. *See, e.g.*, K.S.A. 60–3330 (1981 Supp.). [Trade Secret Act "does not apply to misappropriation occurring prior to the effective date." K.S.A. 60–258b ("comparative negligence inapplicable to actions accruing before July 1, 1974").]

Thus, this is a case in which the legislature did not expressly indicate its intent as to the retrospective application of the Act. Therefore, the question is as suggested by defendant, whether or not the Act is a procedural act or a substantive one.

The Act passed in Kansas is based upon the Model Uniform Product Liability Act [hereinafter "the Model Act"], 44 Fed.Reg., No. 212, at pp. 62,714, *et seq.*, which had as its purpose to consolidate all product liability actions, regardless of theory, into one theory of legal liability. *Id.* at 62,720. K.S.A. 60–3302(c) (1981 Supp.) provides that all legal theories of recovery, negligence, strict liability, failure to warn, design defects, and even express warranty claims, are to be merged into one legal theory called a "product liability claim."

The provision relied upon by defendant in the present case concerns a statute of repose. Statutes of repose differ from statutes of limitation in that they set a fixed period of time beyond which the product seller will not be held liable for injuries caused by his product. The statute of repose in the Act operates by means of a presumption concerning the useful safe life of a product.

Whereas the former law was that the age of an allegedly defective product had to be considered in every tort action in light of its expected useful life and the stress to which it had been put [*e.g.*, *Kuisis v. Baldwin-Lima-Hamilton Corp.*, 457 Pa. 321, 319 A.2d 914 (1974); *Pryor v. Lee C. Moore, Corp.*, 262 F.2d 673 (10th Cir. 1959)], the Act now provides that all products are presumed to have a safe useful life of ten years. After ten years, the claimant is precluded from assessing liability against the product seller unless he proves by clear and convincing evidence that the product's useful safe life extended beyond ten years. This has the effect of injecting a new element into tort cases involving injuries caused by products more than ten years after their delivery.

The Act has the intended effect of allowing liability to be assessed only during the useful safe life of the product, and establishing a date after which no liability may be assessed against a product seller, thus, presumptively eliminating claims involving older products.

K.S.A. 60–3304(a) and (b) change the existing law by allowing a defense to a product liability claim based upon reliance on government standards. Under these two subsections, a product which conforms to legislative or administrative regulatory standards shall be deemed not defective unless the claimant proves that a reasonable product seller would have taken additional precautions. On the other hand, a product which did not conform to existing standards would be deemed defective unless the seller proves that failure to comply was a reasonably prudent course of action.

It has been said that the proper test of a statute's retroactivity is whether an affected party has changed position in reliance upon pre-existing law. *Amrine v. Murray*, 626 P.2d 24 (Wash.App.1981). This statutory provision was intended to create an incentive for manufacturers to comply with such governmental standards. *See* Commerce Committee Analysis to Model Act, § 108. Retrospective application of these provisions would serve to make tortious a manufacturer's conduct in failing to meet voluntary standards applicable to him. This conduct carried with it no liability before the passage of the Act.

K.S.A. 60–3304(c) and (d) (1981 Supp.) provide that compliance with a mandatory government contract specification relating to design is an absolute defense to a product liability claim, and that failure to comply with such mandatory specifications carries absolute liability. There can be no doubt that this changes the substantive law, for in the first case a manufacturer can be relieved of liability no matter how dangerous or defective his product is, and in the second case the claimant need only prove failure to comply on the part of the manufacturer and proximate causation in order to hold the manufacturer liable. *Cf. Jones v. Hittle Service, Inc.*, 219 Kan. 627, 549 P.2d 1383 (1976).

K.S.A. 60–3305 (1981 Supp.) relieves a manufacturer or seller of his duty to warn in situations which might have heretofore rendered his product unreasonably dangerous under the strict liability rationale of *Prentice v. Acme Machine & Supply Co.*, 226 Kan. 406, 601 P.2d 1093 (1979). In that case, the Court held that failure to warn may make a product defective under the theory of strict liability. *See also, Jones v. Hittle Service, Inc., supra.*

Finally, K.S.A. 60–3306 (1981 Supp.) relieves a seller of all fault in cases in which he did not know of a dangerous defect, and could not in the exercise of reasonable care have discovered the defect. There are no limits to this defense on the face of the statute; apparently this provision might apply even to a seller who had expressly warranted that the product would be free of defects. *See* K.S.A. 60–3302(c) [defines product liability claim broadly enough to encompass a breach of express warranty].

To reiterate, the purpose of the Model Act was to merge all previous theories of recovery in product liability cases under one theory. Model Act, Commerce Committee Analysis, § 102(D), 44 Fed.Reg., No. 212, at p. 62,720. Certain portions of the Act will affect the substance of the law of product liability; other aspects will reach primarily the procedural aspects. We see no basis by which to sever from the Act those portions which refer to presumptions concerning the useful safe life of the product, while at the same time giving only prospective application to the substantive aspects of the Act.

This Act represents a substantive and procedural overhaul of product liability law in Kansas. The Court therefore declines to apply retrospectively those portions of the Act dealing with presumptions concerning the useful safe life of a product to an action brought under the existing substantive law of product liability. Defendant's motion to amend his answer will therefore be denied.

As an equally compelling ground, the Court notes that there has been a pretrial conference in this case, all discovery is complete, witness and exhibit lists have been exchanged, the case is ready for trial and has been placed on the Court's active trial docket. Allowing amendment of defendant's answer at this time would not facilitate disposition of the case on the merits.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion to amend is hereby denied.