No. 51,908

JOHN W. SIEBEN, *Appellee,* v. THOMAS SIEBEN; ROBERT COFFEY and H. J. SIEBEN CONSTRUCTION, CO., INC., *Appellants.*

(646 P.2d 1036)

Opinion filed June 11, 1982.

*John H. Fields,* of Carson, Fields, Boal, Jeserich & Asner, of Kansas City, argued the cause and was on the brief for the appellant/cross-appellee.

*Dennis M. Clyde,* of Gates & Clyde, of Overland Park, argued the cause and was on the brief for the appellee/cross-appellant.

The opinion of the court was delivered by

HERD, J.: This is a tort action for actual and punitive damages. The jury awarded John Sieben separate judgments against Thomas Sieben, Robert Coffey and the H. J. Sieben Construction Company. It also awarded the H. J. Sieben Construction Company a judgment against John Sieben on the company's counterclaim. All parties appealed. The Court of Appeals, in an unpublished opinion, reversed the judgment against H. J. Sieben Construction Company and the judgment against John Sieben on the company's counterclaim. These issues were remanded for a new trial. The judgment of the trial court was affirmed in all other respects. We granted review.

The essential facts are as follows: H. J. Sieben owns the construction company. He has two sons, John and Thomas. John works for Tri-State Roadboaring Company and Thomas is president of H. J. Sieben Construction Company. John leased a hiloader and tamper from H. J. Sieben Construction Company through H. J. Sieben the first of April, 1977. Thomas was not advised of the lease because of bad feelings between the brothers. In early May, Thomas learned of the lease from his mother. He then checked the company records and concluded John had not paid the rental on the equipment. Thomas decided to recover the equipment for breach of the lease.

In furtherance of his objective, Thomas hired Haggard Heavy Hauling and enlisted the aid of Robert Coffey, a Sieben employee, to help with the repossession. They made their move on May 6. John was at a service station near the entrance to the property on which he was working when he observed the rental equipment being hauled away. He chased the entourage in his pickup and flagged them down. Coffey was driving the hiloader. Thomas was not present.

John called the police and Coffey called Thomas. Thomas Sieben and the officers arrived where the equipment was parked at approximately the same time. A fight immediately erupted between the brothers with Thomas hitting John in the face several times and John biting Thomas' finger. John then got in his truck and drove it to a position which blocked further removal of the equipment. Coffey, under Thomas' direction, attempted to move the truck out of the way, with John inside, by ramming it with the hiloader. The hiloader struck the truck more than once

and at one point the truck nearly tipped over with John in it. John then informed a police officer he was pressing charges against Thomas Sieben and Robert Coffey. He later signed a complaint against both.

Damages to the truck totaled about $1500. John suffered pain in his nose, back and kidneys and swelling in his mouth. His hospital bill for x-rays was $78 and his dental bill for a broken plate was $325. He testified he suffered embarrassment, humiliation and deterioration of his relationship with his parents.

John sued Thomas Sieben and Robert Coffey for battery, asking actual and punitive damages in excess of $10,000. He also sued Coffey for trespass. The company was sued on the theory of respondeat superior. It counterclaimed against John for breach of lease.

The jury returned verdicts in favor of John as follows:

|  | Actual | Punitive |
| --- | --- | --- |
| Thomas Sieben | $20,000 | $8,000 |
| Robert Coffey | $10,000 | |
| H. J. Sieben Constr. Co. | $20,000 | $8,000 |

Sieben Construction Company was awarded $650 on its counterclaim. This appeal followed.

The first three issues raised by appellants all involve evidentiary matters and can be dealt with briefly.

It is first argued the trial court erred in receiving evidence of the deterioration in the relationship between John and his parents after the incident between Thomas and John. John offered this evidence in his attempt to prove punitive damages. Appellants objected, arguing John could not prove the hiloader incident was the proximate cause of his subsequent problems. The trial court, in ruling on the objection, stated:

"THE COURT: I will allow you to testify to the before and after relationship, and so forth; but when we get into why people do or don't send Christmas cards, or who is upset by not getting a phone call, or whatever, I don't see that that is an element of damages, Dennis."

The issue of whether the deterioration in the relationship between John and his parents was proximately caused by the incident in question is one of fact for the jury. See *Popejoy Construction Co. v. Crist,* 214 Kan. 704, 706, 522 P.2d 180 (1974); *Elliott v. Chicago, Rock Island & Pac. Rld Co.,* 203 Kan. 273, 284, 454 P.2d 124 (1969). The question here was one of weight to be given the evidence, not admissibility.

Appellants also challenge the admission into evidence of tax returns of Sieben Construction Company and Robert Coffey. When this evidence was offered no contemporaneous objection was made by defense counsel. K.S.A. 60-404 states:

"A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection."

See, *e.g., Schlatter v. Ibarra,* 218 Kan. 67, 71, 542 P.2d 710 (1975). Since there was no contemporaneous objection, this issue is without merit.

Appellants further contend the trial court erred in failing to give an instruction limiting the jury's use of evidence regarding the wealth of Sieben Construction Company and Robert Coffey to punitive damages only.

K.S.A. 60-251 states:

"(*a*) *When made.* At the close of the evidence or at such earlier time during the trial as the judge reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The judge shall instruct the jury at the close of the evidence before argument and the judge may, in his or her discretion, after the opening statements, instruct the jury on such matters as in the judge's opinion will assist the jury in considering the evidence as it is presented.

"(*b*) *When waived.* No party may assign as error the giving or failure to give an instruction unless he or she objects thereto before the jury retires to consider its verdict stating distinctly the matter to which he or she objects and the grounds of his or her objection unless the instruction is clearly erroneous. Opportunity shall be given to make the objections out of the hearing of the jury."

Again the record reveals appellants made no request for such an instruction and no objection to the instructions given before the jury retired, thus rendering the issue without merit.

Appellants next argue the trial court erred in directing the jury to find H. J. Sieben Construction Company liable as a matter of law if either Thomas Sieben or Robert Coffey, or both, were found liable.

The controverted instruction (#14) states:

"The defendants are sued as employer and employee. The defendant H. J. Sieben Construction Company, Inc. is the employer and the defendants Thomas Sieben and Robert Coffey are its employees. If you find that either defendant, Thomas Sieben or Robert Coffey, is liable, then you must find that the defendant H. J. Sieben Construction Company, Inc. is also liable. However, if you find

neither Thomas Sieben nor Robert Coffey is liable, then you must find that H. J. Sieben Construction Company, Inc. is not liable. In any event, actual damages assessed against the corporation, if any, cannot exceed actual damages found against the corporate employees."

Instruction #14 followed the substance of instruction #3 which stated, in pertinent part: "The defendants admit Thomas Sieben and Robert Coffey were acting for the interest of their employer H. J. Sieben Construction Company, Inc. at the time of the occurrence." Appellants specifically objected to the foregoing instruction, arguing they made no such admission and that Thomas Sieben and Robert Coffey were not acting within the scope of their employment. Consistent with that position they asked that the mandatory "must" language in instruction #14 be changed to the permissive "may."

This issue is simplified by the language of the pretrial order. It provides: "At all times relevant herein, defendants Thomas Sieben and Robert Coffey were acting within the course or scope of their employment with the H. J. Sieben Construction Company, Inc." Appellants posed no objection to the order. The first time a question was raised about the scope of employment of Thomas Sieben and Robert Coffey was at the close of appellee's case in chief. K.S.A. 60-216 pertains to pretrial orders and states:

"The court in its discretion may, and shall upon the request of either party make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. The court in its discretion may establish by rule a pre-trial calendar on which actions may be placed for consideration as above provided and may either confine the calendar to jury actions or to nonjury actions or extend it to all actions."

Supreme Court Rule No. 140(f) states: "Should counsel object to the pretrial order, he shall state his objections in writing and forward his objections and the pretrial order to the court within ten (10) days." 228 Kan. lxxvi.

In *Kleibrink v. Missouri-Kansas-Texas Railroad Co.*, 224 Kan. 437, 442, 581 P.2d 372 (1978), we discussed the effect of the pretrial order:

"As a general rule a pretrial order entered by the trial court, pursuant to K.S.A. 60-216, controls the subsequent course of action unless such order is modified at

the trial to prevent manifest injustice. This proviso reposes in the trial court large discretionary powers. [Citations omitted.]

"Furthermore, in Annot., 22 A.L.R.2d 599, 603 (1952), it is stated:

'Where the pretrial order frames the issues to be tried, and the order is not modified, the court may, and should, refuse any request for an instruction which is inconsistent with the order or which is not within the scope of the issues stated in the order.' "

As noted, appellants here made no attempt to modify the pretrial order. It follows that the order controls the subsequent course of the litigation. The instructions, in this respect, were correct. See also *Querry v. Montgomery Ward & Co., Inc.,* 217 Kan. 104, 111, 535 P.2d 928 (1975); *Freeto Construction Co. v. American Hoist & Derrick Co.,* 203 Kan. 741, 746, 457 P.2d 1 (1969).

A question arises whether instruction #14 was a correct statement in another sense. The last sentence of the instruction directed the jury it was precluded from assessing damages against Sieben Construction Company in a greater amount than those damages found against the employees. Contrary to the general rule, the instruction did not make clear where a third party seeks to render an employer liable for the torts of the employee on the doctrine of respondeat superior, the liability of the employer is derivative of the liability of the employee. See 3 Am. Jur. 2d, Agency § 267, p. 632. Ideally, then, the trial court should have instructed the jury the liability of the appellant-employees fixed the measure of the appellant Sieben Construction Company's liability.

Appellants objected to instruction #14, but on other grounds. Where no contemporaneous objection is made the instruction as given constitutes the law of the case by which the jury must be guided. *Iseman v. Kansas Gas & Electric Co.,* 222 Kan. 644, 649, 567 P.2d 856 (1977); *Martin v. State Highway Commission,* 213 Kan. 877, 885, 518 P.2d 437 (1974). Here the jury properly followed the instructions as given. In addition, the actual damages assessed against the corporation were less, not more, than the total damages assessed against the employees, resulting in no prejudice to appellants. This issue is without merit.

Appellants' final contention is that appellee's total recovery should not have exceeded $28,000. Appellants argue the trial court erred in allowing the jury to apportion appellee's damages among the three appellants. We agree. Although this problem has

become rare with the onset of comparative fault legislation, it manages to occasionally occur in cases involving intentional torts such as battery. This is because our comparative fault statute, K.S.A. 60-258a, has done nothing to change the common-law rule of joint and several liability for defendants in intentional tort actions. See, *e.g., Lynn v. Taylor,* 7 Kan. App. 2d 369, 373, 642 P.2d 131, *rev. denied* 231 Kan. 801 (1982); *Sandifer Motors, Inc. v. City of Roeland Park,* 6 Kan. App. 2d 308, 317-18, 628 P.2d 239, *rev. denied* 230 Kan. 819 (1981).

The general rules regarding the issue are well stated in 74 Am. Jur. 2d, Torts §§ 73-80, pp. 680-90. In pertinent part they are:

"It is the generally recognized rule that there is no line of separation in the joint liability of joint tortfeasors; the tort is a thing integral and indivisible, and any claim for injuries arising therefrom runs through and embraces every part of the tort, so that the liability of one cannot be carried into any portion of the joint tort that is not followed by an equal liability of the other tortfeasors. Under this principle, either or any of the wrongdoers may be held liable for the whole of the damages resulting from their tortious acts." § 73.

"The overwhelming weight of authority is to the effect that in the absence of statutory authorization, no apportionment of compensatory damages may be incorporated in the judgment establishing the liability of joint tortfeasors, generally on the theory that the plaintiff should not be denied the possibility of collecting the full amount of his judgment from any one of the defendants. Therefore, in actions against two or more persons for a single tort, it is improper to return two verdicts for different sums against different defendants upon the same trial; there may be only one verdict for a single sum against all who are found guilty of the tort, irrespective of the degree of culpability. This is true even though the defendants plead separately, or are charged with distinct and different acts contributing to the injury." § 76.

"The general principle that compensatory damages may not be apportioned among tortfeasors jointly and severally liable is applicable to situations where the defendants' joint and several liability is based upon an employer-employee relationship, giving rise to the application of the doctrine of respondeat superior. The general rule against apportionment is not altered in an action against a master and servant for injuries resulting from the negligence of the servant by the fact that joint tortfeasors may be entitled to contribution from another, while a servant has no right of contribution against his master." § 77.

"Where a jury apportions damages as between tortfeasors without stating the total amount of the awards, the courts have in a number of cases held that the aggregate amount of the separate assessments could not be awarded jointly, at least where the jury's intention to award the aggregate was not demonstrated. In other cases, the verdict assessing equal amounts of damages against each of several tortfeasors without stating an aggregate amount has been held to have been intended as an award against all of the tortfeasors jointly of a sum equivalent only to the amount assessed against each." § 80.

This court has most recently dealt with the problem in *Hubbard v. Havlik,* 213 Kan. 594, 518 P.2d 352 (1974), a negligence case resulting from a vehicle accident. There we stated:

"It is well settled that in actions for damages against two or more tort-feasors the jury has no authority to apportion the damages among the defendants, in the absence of a statute specifically authorizing such apportionment, and this for the reason that if defendants are found guilty of negligence which produced the injury, the matter of the degree of negligence as between the defendants is so uncertain as not to form a proper basis for division of damages." p. 603.

The same general rule is applicable to punitive damages. See 22 Am. Jur. 2d, Damages § 262, pp. 356-57; Annot., 20 A.L.R.3d 666.

We hold Thomas Sieben, Robert Coffey and H. J. Sieben Construction Company, Inc., jointly and severally liable to John Sieben for $20,000 actual damages and $8,000 punitive damages and modify the judgment accordingly.

On cross-appeal John Sieben contends the trial court erred in allowing Sieben Construction Company to amend its claim against him from one of conversion to breach of lease after the evidence was in.

In *Kiser v. Gilmore,* 2 Kan. App. 2d 683, 587 P.2d 911 (1978), *rev. denied* 225 Kan. 844 (1979), it was stated:

"Under K.S.A. 60-215(*b*), when an issue not raised in the pleadings is tried by express or implied consent of the parties, the issue is treated as if it had been raised in the pleadings, and the failure to formally amend the pleadings to conform to the evidence does not affect the outcome of the litigation." Syl. ¶ 2.

"Introduction of or failure to object to the introduction of evidence tending to prove an issue not raised in the pleading constitutes implied consent to try that issue." Syl. ¶ 3.

H. J. Sieben, major stockholder in H. J. Sieben Construction Company, Inc., and father of both appellee and appellant Thomas Sieben, testified the agreement to lease the construction equipment was made between himself, on behalf of Sieben Construction Company, and appellee personally. As a defense to Sieben Construction's conversion claim, appellee testified to the existence of a lease agreement covering the equipment, but contrary to the testimony of H. J. Sieben, contended at all times that he entered the agreement on behalf of his employer in his capacity as construction manager.

Motions for leave to amend are directed to the sound discretion of the trial court. *Walker v. Fleming Motor Co.,* 195 Kan. 328, 330, 404 P.2d 929 (1965). The trial court did not err in allowing

Sieben Construction to amend its counterclaim to conform with the evidence presented. A question of fact was presented for jury determination.

Neither did the trial court err in refusing appellee's counsel's request that the court include instructions guiding the jury regarding the establishment of the terms of the lease. The evidence adduced at trial and even statements of appellee's counsel himself established the existence of the lease. Indeed, the existence of the lease was the heart of John Sieben's defense against H. J. Sieben Construction Company's claim of conversion of the equipment involved. The trial court's action was supported by the evidence and will not be disturbed on appeal.

The judgment of the trial court in favor of John Sieben against Thomas Sieben, Robert Coffey and H. J. Sieben Construction Company is affirmed as modified. The judgment of the trial court in favor of the H. J. Sieben Construction Company is affirmed. That part of the judgment of the Court of Appeals inconsistent with this opinion is reversed.

McFARLAND, J., not participating.