No. 56,642

GLENNA F. NAIL, *Appellant*, v. DOCTOR'S BUILDING, INC., *et al.*, *Appellees*.

(708 P.2d 186)

Opinion filed October 25, 1985.

*Linda L. Eckelman*, of Patton & Kerbs, of Dodge City, argued the cause, and *David L. Patton*, of the same firm, was on the brief for appellant.

*Byron G. Larson*, of Williams, Larson, Strobel, Estes & Malone, of Dodge City, argued the cause, and *Terry J. Malone*, of the same firm, was on the brief for appellee.

The opinion of the court was delivered by

MILLER, J.: Glenna F. Nail was injured in a fall at her optometrist's office. She brought suit in the district court of Ford County against the owner of the office building, Doctor's Building, Inc., and two doctor tenants for damages. The case was submitted to the jury under comparative negligence instructions, pursuant to K.S.A. 60-258a, and the jury returned a verdict fixing plaintiff's damages at $312,000 and finding that she was 50% negligent. Since plaintiff's negligence was not less than that of the defendants, judgment was entered for the defendants. Plaintiff appealed, contending that the trial court's instruction on comparative negligence was clearly erroneous. The Court of Appeals agreed and, in an unpublished opinion filed May 2, 1985, reversed the judgment and remanded for a new trial. We granted defendants' petition for review.

The pertinent portion of the statute reads:

"60-258a. . . . (a) The contributory negligence of any party in a civil action shall not bar such party or said party's legal representative from recovering damages for negligence resulting in death, personal injury or property damage, *if such party's negligence was less than the causal negligence of the party or parties against whom claim for recovery is made,* but the award of damages to any party in such action shall be diminished in proportion to the amount of negligence attributed to such party." (Emphasis supplied.)

Pattern Instructions for Kansas, Civil (2d ed. 1977), provides a suggested pattern instruction to be given in every comparative negligence case. That instruction, PIK Civ. 2d 20.01, reads:

(1) "This case must be determined on the basis of comparative fault of the parties. In deciding the case you will need to know the meaning of the terms 'negligence' and 'fault.' "

(2) "Negligence is the lack of ordinary care. It is the failure of a person to do something that an ordinary person would do, or the act of a person in doing something that an ordinary person would not do, measured by all the circumstances then existing."

(3) "A party is at fault when he is negligent and his negligence caused or contributed to the event which brought about the injury or damages for which claim is made."

(4) "It will be necessary for you to determine the percentage of fault of the parties. It also will be necessary for you to determine the amount of damages sustained by any party claiming damages."

(5) "The laws of Kansas applicable to this case require me to reduce the amount of damages you have awarded to any party by the percentage of fault that you find is attributable to that party."

(6) "A party will be entitled to recover damages if his fault is less than 50% of the total fault of all parties. A party will not be entitled to recover damages, however, if his fault is 50% or more."

The trial court gave the first five paragraphs of this proposed instruction, but it omitted paragraph six. Thus the jury was informed (by paragraph 5) that the judge would reduce the amount of damages awarded to the plaintiff by the percentage of fault attributable to her; but the jury was *not* told (omitted paragraph 6) that plaintiff could recover nothing unless her fault was found to be less than 50% of the total fault. K.S.A. 60-251(b) provides:

"60-251. Instructions to jury. . . .

"(b) *When waived.* No party may assign as error the giving or failure to give an instruction unless he or she objects thereto before the jury retires to consider its verdict stating distinctly the matter to which he or she objects and the grounds of his or her objection *unless the instruction is clearly erroneous.*" (Emphasis supplied.)

During the trial of this case, plaintiff made no objection to the instruction as given, and thus appellate review is precluded unless the instruction was clearly erroneous. K.S.A. 60-251(b); and see *Arterburn v. St. Joseph Hospital & Rehabilitation Center*, 220 Kan. 57, 60-63, 551 P.2d 886 (1976); *Prentice v. Acme Machine & Supply Co.*, 226 Kan. 406, 407, 601 P.2d 1093 (1979); *Sieben v. Sieben*, 231 Kan. 372, 375, 646 P.2d 1036 (1982). An instruction is clearly erroneous when the reviewing court reaches a firm conviction that if the trial error had not occurred there was a real possibility that the jury would have returned a different verdict. *State v. Maxwell*, 234 Kan. 393, Syl. ¶ 5, 672 P.2d 590 (1983), following *State v. Stafford*, 223 Kan. 62, Syl. ¶ 2, 573 P.2d 970 (1977). In this case the jury was instructed that the judge would reduce the amount of damages by the percentage of fault attributable to that party. The jury was thus assured that the plaintiff would receive a judgment for her damages, reduced by the percentage of her fault. That was not the result. Four jurors, signing almost identical affidavits, indicated that they intended to give plaintiff half of her damages, and that the verdict would have been different if the jury had known a 50% negligence verdict would give her nothing.

A brief review of two earlier decisions will be helpful. In *Thomas v. Board of Trustees of Salem Township*, 224 Kan. 539, 582 P.2d 271 (1978), the trial court had given the jury in substance all of PIK Civ. 2d 20.01 set forth above, including paragraphs Nos. 5 and 6. We held that this was not error. Our ruling is concisely stated in Syllabus ¶ 2:

"It is not error in a comparative negligence action under K.S.A. 60-258a for the trial court to inform the jury as to the legal effect of its special verdicts in the form of a general instruction advising the jury of the theory and legal effect of comparative negligence."

In the body of the opinion, Justice Prager, speaking for a unanimous court, anticipated precisely what happened in the case at hand when he said:

"Whether to permit the jury to be informed as to the legal effect of its answers in a comparative negligence case is essentially a policy decision. We have considered the pros and cons and have concluded that it is not error for a trial court in this state to inform the jury as to the legal effect of its answers in a comparative negligence case, where a general instruction is given informing the jury of the theory and legal effect of comparative negligence as is done in PIK 2d (Civil) 20.01. We believe the better rule should be one based not on distrust of

juries, but rather one which recognizes that jurors collectively represent the conscience of the community and will do their best to follow the law as contained in the instructions of the court. It seems to us that, as a matter of policy, it is better to have the trial judge explain the operation of the law to the jury rather than to permit the jury to speculate as to the effect of its findings in a comparative negligence case. The rule which forbids the jury to be informed of the legal effect of its answers assumes that a jury should not concern itself with the practical effect of its apportionment of negligence and that a jury will operate more effectively in a vacuum. In our judgment, the rule ignores the reality that jurors often do concern themselves with the practical effects of their findings, and without being informed by the court, will undoubtedly speculate as to the result of their verdict. *Under the Kansas comparative negligence statute, if a jury finds that the defendant and plaintiff are equally at fault, the plaintiff recovers nothing. Expecting the defendant to recover fifty percent of his damages, the unknowing jury may insure that he receives nothing.*" (Emphasis supplied.) 224 Kan. at 551.

*Salem Township* was followed by *Cook v. Doty*, 4 Kan. App. 2d 499, 608 P.2d 1028, *rev. denied* 228 Kan. 806 (1980). That case was tried two months before our *Salem Township* opinion. The trial court refused to instruct the jury as to the effect of its allocation of fault on the award of damages. The Court of Appeals affirmed, holding that our decision in *Salem Township* need not be applied retroactively. The court's opinion quoted Syllabus ¶ 2 from *Salem Township*, and then stated:

"There was thus ample justification for the trial court's decision in the state of the law at the time the decision was made, and even *Thomas* does not say it was error *not* to give the instruction. Nevertheless we read *Thomas* as promulgating a rule to be followed by our trial courts; a trial court refusing to give the substance of the PIK instruction in the face of *Thomas* would, in our opinion, face a sure reversal." (Emphasis in original.) 4 Kan. App. 2d at 500.

Upon a careful review of the record in this case, we hold that the instruction on comparative negligence as given by the trial court was clearly erroneous. The trial court erred in giving the next-to-the-last paragraph of PIK Civ. 2d 20.01 without giving the concluding paragraph. As given, the instruction misstated the law and we conclude that it misled the jury.

In order to prevent misunderstanding by juries in the future, we adopt the rule suggested in *Cook v. Doty*: After the date of this opinion, PIK Civ. 2d 20.01, or the substance thereof, including both of the last two paragraphs, should be included in the jury instructions in all comparative negligence cases. Failure to so instruct the jury may well be reversible error.

Three other issues were raised in the initial briefs of the

parties, and were all correctly handled and decided by the Court of Appeals. We adopt that court's resolution of those issues.

The decision of the Court of Appeals is affirmed. The judgment of the trial court is reversed, and the case is remanded for a new trial.

SCHROEDER, C.J., dissenting: After the jury heard all the evidence in this comparative negligence case, it was properly instructed on the law of negligence and fault. It was then instructed "to determine the percentage of fault of the parties." The jury was also properly instructed "to determine the amount of damages sustained by any party claiming damages."

Further instructions in PIK Civ. 2d 20.01 relate to the duties of the judge *after the jury makes its findings in accordance with the foregoing instructions.*

Application of the law to the facts found by the jury in this case permits the plaintiff to recover nothing.

The substance of what the court has done in the majority opinion is to give the jury the opportunity to make its own law and give the plaintiff what the jury thinks the plaintiff should recover from the defendant in spite of applicable law to the contrary.

Actually there is no point in having established laws to determine the rights of the various parties in a lawsuit, if jurors are permitted to determine both the facts and the law to be applied. The shortcut to this state of affairs would simply be to instruct the jury, after it hears the evidence, to go into the jury room and decide how much it wants to award as damages to any party claiming damages in the lawsuit. This seems to be our jury system as perceived by the court. See my dissenting opinion in *Merando v. A.T. & S.F. Rly. Co.*, 232 Kan. 404, 418, 656 P.2d 154 (1982). There the jury was permitted to emasculate the law of comparative negligence when it awarded the plaintiff a *big verdict* which was not reduced by plaintiff's negligence.

Where the jury *has awarded the plaintiff excessive damages*, the fact that the jury did not know the law because it was not instructed has been held immaterial and the jury award affirmed in *Walters v. Hitchcock*, 237 Kan. 31, 38, 697 P.2d 847 (1985). There the issue did not surface until misconduct of the jury was asserted on the motion for a new trial.

It is respectfully submitted the judgment of the trial court

should be affirmed and the judgment of the Court of Appeals should be reversed.

McFarland, J., dissenting.