No. 46,224

Eva Marie Marr, *Appellee*, v. Geiger Ready-Mix Company, *Appellant*.

(495 P. 2d 1399)

Opinion filed April 8, 1972.

*James N. Snyder,* of Snyder and Snyder, of Leavenworth, argued the cause, and *James N. Snyder, Jr.,* of the same firm, was with him on the brief for the appellant.

*Charles D. Kugler,* of Carson, Mahoney and Fields, of Kansas City, argued the cause, and *David W. Carson, J. W. Mahoney* and *John H. Fields,* of the same firm, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an interlocutory appeal from a judgment of the trial court permitting the plaintiff to substitute a party defendant by amendment after the statute of limitations had run.

The issue on appeal requires a construction of K. S. A. 60-215 (*c*) as amended by the Supreme Court (order dated July 17, 1969).

The facts are not in dispute. On May 25, 1967, Eva Marie Marr (plaintiff-appellee) was operating her Chevrolet automobile when it was involved in an intersection collision with a truck owned and operated by Geiger Ready-Mix Company, when that truck passed

through a stop sign and struck the plaintiff's auto broadside. Suit was filed by the plaintiff against Geiger Ready-Mix Company on October 9, 1968. The Geiger Ready-Mix Company was then located at 1411 South Second Street, Leavenworth, Kansas. The petition alleged that the collision in question had occurred, that the plaintiff had suffered grievous injury as a result thereof, and that the truck was owned by Geiger Ready-Mix Company and operated by its agents and employees.

Summons was duly issued on October 9, 1968. The return of service of summons filed October 14, 1968, set out the summons had been served on the 9th day of October, 1968, by serving Bill Munson, general manager, who was in charge of the business office of the Geiger Ready-Mix Company. Bill Munson acknowledged receipt of the summons and did not refuse to accept service.

On the 25th day of October, 1968, the *Geiger Ready-Mix Company* (defendant-appellant) filed its answer. The first paragraph of the answer contained a motion to dismiss because Missouri counsel had failed to associate with a Leavenworth County attorney. The second paragraph reads as follows:

"Defendant moves the Court for an Order dismissing said Petition because this Court has no jurisdiction thereof and because no summons was properly issued and served herein according to law."

The third paragraph of the answer denied that the defendant was negligent in causing the accident and further asserted that the accident was due to the sole negligence of the plaintiff. It further set out the affirmative defense of last clear chance. Paragraph four contained a general denial.

Further court action did not take place until the 2nd day of June, 1969. During the interim period settlement negotiations were conducted between the Aetna Life Insurance Company, the defendant's insurer, and the plaintiff's counsel. As late as March 3, 1969, the defendant's insurance company made an offer of settlement. Plaintiff's counsel then received a letter dated June 2, 1969. (It will be noted this date is eight days after the two-year statute of limitations had run.) This letter notified the plaintiff that the motion to dismiss would be heard June 9, 1969, and on that date the defendant served personally upon the plaintiff's counsel the affidavit of E. W. Geiger, Jr., which asserted for the first time that Geiger Ready-Mix Company was a sole proprietorship owned and operated by E. W. Geiger, Jr. On the same date plaintiff moved the

court for an order permitting her to amend her original petition by substituting the name of E. W. Geiger, Jr., d/b/a Geiger Ready-Mix Concrete Company, for the Geiger Ready-Mix Company under the provisions of K. S. A. 60-215 (*a*) and (*c*).

The evidence introduced at the hearing on the plaintiff's motion showed that the police report filed in compliance with the Kansas Motor Vehicle Safety Responsibility Act set out the owner of the cement truck involved in the petition as being Geiger Ready-Mix Company, address 1411 South Second Street, Leavenworth, Kansas. The evidence also disclosed police photographs taken at the scene showed the truck with the name "Geiger Ready-Mix Company" clearly written thereon.

The trial court sustained the defendant's motion to dismiss and a motion for rehearing was subsequently filed, as well as the plaintiff's notice of appeal.

On the 20th day of November, 1969, the motion for rehearing was heard and evidence introduced. The evidence disclosed the general manager of Geiger Ready-Mix Company received the summons and turned the same over to Mr. Geiger after noting that he had forwarded a copy to Mr. Geiger's insurance carrier. Mr. Munson testified the Geiger Ready-Mix Company was an alias or assumed name under which Mr. Geiger did business. Mr. Geiger affirmed Mr. Munson's testimony and further stated that he was well aware that the action had been filed. The trial court again sustained the defendant's position, and the plaintiff at that time undertook to perfect another appeal. In the meantime the plaintiff filed a motion for reconsideration based on the 1969 amendment to 60-215 (*c*). The matter was taken under advisement by the court and on March 2, 1970, it set aside its previous judgment entered and granted the plaintiff's original motion to amend her original petition by changing the name of the defendant from Geiger Ready-Mix Company to E. W. Geiger, Jr., d/b/a Geiger Ready-Mix Concrete Company.

The trial court in reversing its position on the point said in its memorandum opinion:

"The plaintiff, as the basis for her motion to reconsider, has cited to this Court an order of the Supreme Court of Kansas dated July 17, 1969, amending K. S. A. 60-215 (*c*). Said amendment was made effective on publication in the Kansas Reports and in K. S. A. 1969 Supplement. The defendant contends that the amendment in question is not retroactive and does not apply to this case.

"It is my opinion that the amendment to K. S. A. 60-215 (*c*) is procedural

and is applicable to the facts of this case. Therefore, this Court finds that E. W. Geiger, Jr. has received such notice of the institution of this action that he would not be prejudiced in maintaining his defense on the merits and he knew that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

The defendant's subsequent motion to alter, amend and set aside the judgment entered March 2, 1970, was overruled, and the trial court on April 30, 1970, affirmed its order of March 2, 1970. Subsequently the defendant was given permission to take an interlocutory appeal.

This action involves the interpretation and the application of the Kansas Code of Civil Procedure.

K. S. A. 60-102 reads:

"The provisions of this act shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding."

In a dissenting opinion Justice Black in *Ackermann v. United States,* 340 U. S. 193, 95 L. Ed. 207, 71 S. Ct. 209, said concerning the foregoing rule of construction that "It does no good to have liberalizing rules . . . if, after they are written, their arteries are hardened by this Court's resort to ancient common-law concepts." (p. 205.)

The defendant contends quite vigorously throughout the brief on appeal that the plaintiff simply committed fatal error by attempting to sue the defendant as a corporate entity, rather than as an individual doing business as a sole proprietorship. It is the defendant's position that because of this error the plaintiff's action should be barred by the two-year statute of limitations.

K. S. A. 60-215 (c) was enacted into Kansas law in 1963 as a part of the new Code of Civil Procedure (effective January 1, 1964). This enactment, as well as the other sections of the new Code of Civil Procedure, was patterned after the Federal Rules of Civil Procedure. (See *James v. City of Wichita,* 202 Kan. 222, 226, 447 P. 2d 817.)

K. S. A. 60-215 (c) as originally enacted read:

"(c) *Relation back of amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleadings, the amendment relates back to the date of the original pleading."

Rule No. 15 (c) of the Federal Rules of Civil Procedure (before the 1966 amendment) was identical to 60-215 (c), *supra.*

In *Skeen v. Sisters of St. Joseph,* 194 Kan. 212, 398 P. 2d 587,

the court held the filing of a petition against A, reciting facts which would authorize an action to be maintained against B, will not toll the statute as to B, if B is not made a defendant until after the statute has run. The *Skeen* case was decided in January, 1965, without making any reference to 60-215 (*c*), *supra*. There the plaintiff simply filed an amended petition naming B as a party defendant, after the trial court sustained a motion to quash service of summons, and after the statute of limitations had run.

In *Schmidt v. Nauman,* 202 Kan. 131, 446 P. 2d 828, this court had the precise question here presented before it under 60-215 (*c*), *supra,* prior to the amendment, but it followed *Skeen.* In *Nauman* the petition named Clarence G. Nauman, an individual, d/b/a Nauman Lumber Company, as defendant. More than two years after the cause of action arose the plaintiff requested permission to amend the petition making C. Nauman Lumber, Inc. an additional party defendant, and the trial court granted the motion to amend. On appeal it was held the statute of limitations would not be tolled as to the corporation, if it was not made a defendant until after the statute had run. It was urged upon the court that 60-215 (*c*), *supra,* gave the trial court discretionary authority to permit the addition of the corporate defendant by amendment, but the court said:

"We do not understand K. S. A. 60-215 (*c*) to so apply to parties. Until such time as a person is actually made a party defendant there can be no claim or defense arising 'out of the conduct, transaction, or occurrence set forth or attempted to be set forth' as to him. It is the intention of the statute of limitations that a party to be bound must have a claim filed against him or attempted to be filed against him—not someone else—before the expiration of the period provided in the statute." (p. 132.)

Prior to the 1966 amendment to Federal Rule No. 15 (*c*) there was a considerable split in the authority as to its proper application. Some federal courts permitted amendment as to parties under the rule, after the statute of limitations had run, and others did not. (See *Meltzer v. Hotel Corporation of America,* 25 F. R. D. 62 [N. D. Ohio 1959]; and contra *United States v. Western Casualty & Surety Company,* 359 F. 2d 521 [6th Cir. 1966].)

The 1966 amendment to Federal Rule No. 15 (*c*) was designed to state more clearly when an amendment changing parties, as provided in the first section of the statute, related back.

After Federal Rule No. 15 (*c*) was amended in 1966, the Kansas

Supreme Court by order dated July 17, 1969, amended K. S. A. 60-215 (c) to read as follows:

"(c) *Relation back of amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. *An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he would not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."* (Emphasis added.) (K. S. A. 1971 Supp. 60-215 [c].)

The foregoing amendment was identical to the amendment made in Federal Rule No. 15 (c), except that the Federal Rule added another paragraph pertaining to the delivery or mailing of process to the United States Attorney. The amendment to 60-215 (c) was designed to bring it in line with Federal Rule No. 15 (c), as amended.

Under Federal Rule No. 15 (c) the 1966 amendment makes specific provision for the relation back of an amendment to the pleadings *changing the party against whom a claim is asserted,* regardless of the period of limitations, if certain conditions are met. These conditions are set forth in the amendment, and if they have been met, there is no reason why the rule should not be applied. (*Wynne v. United States,* 382 F. 2d 699 [10th Cir. 1967]; and Wright & Miller, Federal Practice and Procedure: Civil § 1498, and cases cited therein.)

The amendment to 60-215 (c) was adopted with full knowledge of what the federal decisions had been under the amended Federal Rule No. 15 (c), and furthermore, it was adopted with full knowledge of what the federal amendment intended to accomplish. This being the case, federal decisional law construing Federal Rule No. 15 (c), as amended in 1966, is authoritative in construing 60-215 (c), as amended.

The amendment to 60-215 (c) amplifies the rule to state more clearly when the amendment of a pleading changing the party against whom a claim is asserted, including an amendment to correct a misnomer or misdescription of a defendant, shall relate back to the date of the original pleading. (See the Advisory Com-

mittee's Note to the 1966 amendment to Federal Rule 15 [c], 39 F. R. D. 82.)

It may therefore be said an amendment changing the party against whom a claim is asserted relates back, if the amendment satisfies the general requirement of 60-215 (c) that "the claim or defense asserted in the amended pleading arose out of the conduct, . . . set forth in the original pleading," and if within the applicable period of limitations, the party brought in by amendment (1) has received such notice of the institution of the action—the notice need not be formal—that he would not be prejudiced in defending the action on the merits, and (2) knew or should have known that the action would have been brought against him initially had there not been a mistake concerning the identity of the proper party.

To permit the amendment under 60-215 (c), as amended, in addition to the general requirement, the new party, within the period of limitations, must receive such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and further that the new party knew or should have known that, but for a mistake concerning the identity of the proper party, he would have been brought into the proceedings earlier. (See 3 Moore's Federal Practice [2d Ed.] § 15.15 [4.-2].)

It should be emphasized that at no point has the question of proper service of summons been called into play. This is because informal notice is sufficient under Federal Rule No. 15 (c), as amended, to bring into operation the relation back of the amendment. The rule is the same under 60-215 (c), as amended, in the Kansas Code of Civil Procedure.

Rule No. 215 (c), as amended, refers to "An amendment changing the party" and that is precisely what the plaintiff was granted leave to do by the trial court. The plaintiff amended her original petition by changing the name of the defendant from Geiger Ready-Mix Company to E. W. Geiger, Jr., d/b/a Geiger Ready-Mix Concrete Company. On the facts in this case the plaintiff sought to change the capacity in which the defendant was sued. There is no change in the parties before the court, all parties are on notice of the facts out of which the claim arose, and the doctrine of relation back does not result in prejudice to the defendant. E. W. Geiger, Jr., d/b/a Geiger Ready-Mix Company, received notice of the institution of the action within the period of limitations and, even though informal, such notice meets the requirement of due process. He

further knew or should have known, but for a mistake concerning the identity of a proper party, he would have been brought into the proceedings earlier.

The trial court specifically found these facts to exist, and the findings are supported by substantial evidence in the record. The trial court in the exercise of its power of discretion, under K. S. A. 1971 Supp. 60-215 (*a*), granted the plaintiff leave to amend her petition by changing the name of the party defendant, and in doing so the trial court did not err.

For a discussion of the provisions of K. S. A. 60-215 (*c*) prior to the 1969 amendment, see *James v. City of Wichita*, 202 Kan. 222, 447 P. 2d 817. While the amendment to the petition in that case did not pertain to parties and is distinguishable, the court concluded its decision by saying:

". . . The intervention of the bar of the statute of limitations is not sufficient reason to refuse the amendment in this case. To refuse amendments for this reason alone would render K. S. A. 60-215 (*c*) *meaningless*." (p. 228.) (Emphasis added.)

The 1969 amendment to 60-215 (*c*) is a procedural change in the Code of Civil Procedure, and it has retroactive application to the facts in this case.

Another point should be made on the record presented. Here the defendant has actively concealed the identity of the real party in interest, E. W. Geiger, Jr., d/b/a Geiger Ready-Mix Concrete Company. This concealment is indicated from the defendant's answer to the petition and by the defendant's subsequent conduct. Note the appearance and the answer was made by the defendant in the name of "Geiger Ready-Mix Company."

Under the present status of the law special appearances are no longer permissible as opposed to general appearances. Under the new code a party is no longer required to make a special appearance to contest jurisdiction. General and special appearances may now be made in one answer. In *Small v. Small*, 195 Kan. 531, 407 P. 2d 491, the point was made quite clear when the court said:

"The old distinction between a general and special appearance loses its significance under K. S. A. 60-212 (*b*) as a party may plead to the merits and at the same time contest jurisdiction over his person. The purpose of the provisions is to permit the combining of an objection to the jurisdiction with pleadings on the merits without the old ritual of first entering a special appearance. . . ." (p. 538.)

While this new provision in the code does away with the old

ritual, it tends to put the plaintiff at a disadvantage. Under the old rule the defendant was required to make a special appearance and stand on that appearance. The lawsuit would not proceed until the question of jurisdiction was resolved. This is no longer the case. The defendant may answer and raise the question of jurisdiction without that matter being immediately resolved. As in this case, the effect was that the matter went unresolved until the statute of limitations had run. But the change in the new code was not made blindly, and other portions of the code were intended to compensate for the harsh result caused by K. S. A. 1971 Supp. 60-212. A study of K. S. A. 60-204, K. S. A. 60-209 and K. S. A. 1971 Supp. 60-215 as well as the general provision of K. S. A. 60-102, is illustrative.

The defendant repeatedly asserts in its brief that the Geiger Ready-Mix Company is in fact not a corporate entity but, despite this fact, the plaintiff attempted to sue the defendant as such. For this error the defendant contends the plaintiff should forfeit her otherwise meritorious cause of action. However, the very first time the defendant took an affirmative step to make this fact known to the plaintiff was on June 9, 1970, when the defendant caused to be served on the plaintiff's counsel the affidavit of E. W. Geiger, Jr. The affidavit set out clearly and unequivocally that E. W. Geiger, Jr. was the sole proprietor of Geiger Ready-Mix Company and that the Geiger Ready-Mix Company was not on that date, or since, a corporation. On the 25th day of October, 1968, when the defendant's answer to the plaintiff's petition was filed pursuant to 60-212, *supra,* the defense asserted in paragraph two, that the "Court has no jurisdiction thereof and because no summons was properly issued and served herein according to law," was insufficient to apprise the plaintiff that the defendant had no corporate existence as set forth in the affidavit filed on June 9, 1970. Under K. S. A. 60-209 when the defendant raises this defense in his answer to the plaintiff's action he is required to supply *supporting particulars.* K. S. A. 60-209 reads in part:

"Pleading special matters. (*a*) *Capacity.* It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of an organized association of persons that is made a party. *When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of any party to sue or be sued in a representative capacity he shall do so by specific negative averment, which shall include such*

*supporting particulars as are peculiarly within the pleader's knowledge."* (Emphasis added.)

Had the defendant complied with this statute, as required, by raising as a defense the lack of the defendant's capacity, this case would not be before the court today. The affidavit of E. W. Geiger, Jr. quite properly should have been filed with the answer to provide the supporting particulars. However, the defendant instead chose to ignore this statute and rely on a motion to dismiss for improper issuance and service of summons as alleged in his answer. If the defendant desired to present this defense by motion, he was required to do so *before pleading.* (K. S. A. 60-212 [*b*], now K. S. A. 1971 Supp. 60-212 [*b*].)

Accordingly, the failure of the defendant to comply with the provisions of 60-209, *supra,* must be regarded as a waiver by the defendant of such defense.

The decision of this court in *Haley v. Hershberger,* 207 Kan. 459, 485 P. 2d 1321, at first blush would appear to be inconsistent. There the defendant in his answer pleaded lack of jurisdiction over the person of the defendant; insufficiency of process; insufficiency of service of process; etc. The court held the defendant could not be regarded as having waived the defense on lack of jurisdiction over the person of the defendant, alleging *"insufficiency of process; insufficiency of service of process,"* (p. 461) where the defendant participated in preliminary motions which did not constitute a defense or go to the merits of the action. The case is distinguishable, however, on the ground that K. S. A. 60-209 was not asserted by the appellant in his brief or argued to the court. The abstract and briefs on file in the state library disclose the appellee, who won the case on appeal, cited K. S. A. 60-209 (*b*) in his sixth defense, on the ground that the allegations of fraud were not stated with sufficient particularity as required by the statute. The only mention made in the appellee's brief concerning 60-209, *supra,* concerned allegations of fraud in the answer. This was insufficient to aprise the appellate court of the significance of K. S. A. 60-209 (*a*), which the appellant was required to assert to make it affirmatively appear the trial court had erred.

The appellant in the instant case relies heavily upon three Kansas decisions which it is claimed were decided after the 1969 amendment to 60-215 (*c*), *supra.* They deserve consideration. These cases are *Briscoe v. Getto,* 204 Kan. 254, 462 P. 2d 127; *Thompson-*

*Kilgariff General Insurance Agency, Inc. v. Haskell,* 206 Kan. 465, 479 P. 2d 900; and *Haley v. Hershberger,* supra.

The first two cases involved the service of a summons upon a garnishee defendant. In *Briscoe v. Getto,* supra, service was attempted on an individual pursuant to K. S. A. 60-304 (*a*), as amended, but the service was made at the office of the garnishee defendant by serving his secretary, and in *Thompson-Kilgariff General Insurance Agency, Inc. v. Haskell,* supra, service was attempted on an individual pursuant to K. S. A. 61-411, but the service was made on the garnishee defendant " 'by leaving with office manager, Kay Holt.' " (p. 466.)

The facts giving rise to these two decisions did not call for an application of K. S. A. 1971 Supp. 60-215 (*c*), or K. S. A. 60-209. The decisions turned on the construction of K. S. A. 60-204, and these cases stand for the proposition that the provisions of K. S. A. 60-204 cannot be invoked to effect a valid service of process, unless there has first been substantial compliance with some method of service provided by statute.

In *Haley v. Hershberger,* supra, an attempt was made to serve an individual defendant at his office, but service was made by leaving a copy of the petition and summons with his secretary. The court held jurisdiction of the person of the defendant can be acquired only by issuance and service of process in the method prescribed by statute, or by voluntary appearance. There the trial court sustained the defendant's motion to dismiss for lack of jurisdiction over his person because of insufficiency of process and the insufficiency of service of process. After the statute of limitations had run the plaintiff obtained personal service on the defendant by service of an alias summons. On the facts in the case the decision turned upon the validity of the service of process upon an individual which was attempted pursuant to K. S. A. 60-304 (*a*), as amended, and the provisions of K. S. A. 60-204. Nowhere did the facts suggest or warrant consideration of K. S. A. 1971 Supp. 60-215 (*c*) relating to "An amendment changing the party against whom a claim is asserted." This section of the code was neither cited to the court nor considered in the opinion. Therefore, the case has no application to the facts here.

In view of the foregoing we conclude the trial court did not err in granting the plaintiff's motion to amend her petition by changing

the name of the defendant from Geiger Ready-Mix Company to E. W. Geiger, Jr., d/b/a Geiger Ready-Mix Concrete Company.

The judgment of the lower court is affirmed.