(847 P.2d 1350)

No. 67,869

DEBORAH FENNESY, *Appellant,* v. LBI MANAGEMENT, INC., *et al., Defendants,* and REDMAN BUILDING PRODUCTS, INC., *Appellee.*

62

Opinion filed March 5, 1993.

*James F. Freeman, III,* of Moore & Bucher, P.C., of Kansas City, Missouri, for the appellant.

*Richard T. Merker* and *Bradley S. Russell,* of Wallace, Saunders, Austin, Brown and Enoch, Chartered, of Overland Park, for the appellee Redman Building Products, Inc.

Before BRISCOE, C.J., JAMES J. SMITH, District Judge, assigned, and E. NEWTON VICKERS, District Judge Retired, assigned.

BRISCOE, C.J.: Deborah Fennesy appeals the dismissal of her claims against Redman Building Products, Inc., d/b/a AlenCo, Inc. An unknown assailant broke into Fennesy's apartment through the apartment's sliding glass door and attacked Fennesy while she was sleeping. Fennesy sued multiple defendants and sought recovery under multiple theories. In a second amended petition, Fennesy named Redman as the manufacturer of the door and alleged her injuries were caused by Redman placing an unreasonably dangerous and defective door into the stream of commerce (count 16), by Redman's negligence in the design, testing, manufacturing, and sale of the door (count 17), and by Redman's representation that the door was "forced entry resistant" (count 18). While not delineated as such, all of the claims alleged by Fennesy are included within a "product liability claim" as defined by K.S.A. 1992 Supp. 60-3302(c).

The district court granted Redman's motion to dismiss, finding Fennesy's claim against Redman was barred by the statute of limitations. The court concluded a two-year statute of limitations

was applicable to Fennesy's claim. In its journal entry of dismissal, the court adopted as its rationale the arguments contained in Redman's memoranda in support of its motion to dismiss. The amended petition which first named Redman was filed after the two-year statute of limitations had run. Redman argued, and the court agreed, that the claim against Redman did not relate back to a timely filed claim against Parker-Hannifin Corporation, f/k/a AlenCo, Inc. The court amended its order of dismissal to include the language required by K.S.A. 1992 Supp. 60-254(b) to certify the judgment for immediate appeal.

Fennesy contends the court erred in dismissing her claim against Redman as untimely filed. She relies on K.S.A. 1992 Supp. 60-203 and K.S.A. 60-215(c) to argue her second amended petition adding Redman, d/b/a AlenCo, Inc., as a defendant relates back to the date of the filing of her first amended petition which named Parker-Hannifin, f/k/a AlenCo, Inc.

Fennesy was injured on October 11, 1988. The original petition is not in the record on appeal, but both parties state it was filed on June 12, 1990. According to Fennesy, the door manufacturer's identity was difficult to ascertain, but eventually she learned the door was manufactured by "AlenCo," a Texas corporation. Fennesy amended her petition on October 9, 1990, to add Parker-Hannifin Corporation, f/k/a/ AlenCo, Inc., as a party defendant and to include claims against Parker-Hannifin as the alleged door manufacturer. In count 16, Fennesy alleged a claim against "defendant Parker-Hannifin Corporation, f/k/a AlenCo, Inc., (hereinafter referred to as 'AlenCo')." After describing the corporate relationship between Parker-Hannifin and AlenCo, Fennesy made reference in counts 16, 17, and 18 only to "AlenCo" when enumerating specific claims concerning the manufacture, design, and marketing of the door. After counts 16, 17 and 18, Fennesy prayed for judgment against AlenCo.

On October 22, 1990, Parker-Hannifin was served with the first amended petition. The two-year statute of limitations had run on October 11, 1990. Pursuant to 60-203(a), the petition filed against Parker-Hannifin was timely because service was obtained within 90 days of filing the petition.

Fennesy later discovered she had named the wrong "AlenCo" and that Redman, d/b/a AlenCo, Inc., was the manufacturer of

the door in question. On December 21, 1990, she served Redman with a summons and a copy of the first amended petition which named Parker-Hannifin, f/k/a AlenCo, Inc. Fennesy's motion seeking the court's permission to file a second amended petition and dismiss Parker-Hannifin as a defendant was granted on April 18, 1991. On May 7, 1991, Fennesy filed her second amended petition naming Redman as the door manufacturer.

A summary of the relevant events is as follows:

| | |
|---|---|
| 10/11/88 | —injury occurred |
| 6/12/90 | —original petition filed against all defendants, except door manufacturer |
| 10/9/90 | —first amended petition filed naming Parker-Hannifin Corp., f/k/a AlenCo, Inc. |
| 10/11/90 | —two-year statute of limitations expires |
| 10/22/90 | —Parker-Hannifin served |
| 12/21/90 | —Redman "served" with summons and copy of first amended petition |
| 3/8/91 | —Fennesy files motion for permission to file second amended petition naming Redman |
| 4/18/91 | —order filed granting permission to file second amended petition |
| 5/7/91 | —second amended petition filed naming Redman |

The chronology of events providing the basis for the district court's dismissal are not in dispute. Only the court's statutory interpretation of 60-203 and 60-215(c) as applied to these events is disputed. The interpretation of a statute presents a question of law. *Todd v. Kelly*, 251 Kan. 512, 515, 837 P.2d 381 (1992). When determining questions of law, this court is afforded unlimited review and is not bound by the decision of the district court. See *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 (1986).

Before addressing whether Fennesy's second amended petition relates back to the date of filing her first amended petition, we must first determine which statute of limitations applies to Fennesy's claims. The district court applied a two-year statute of limitations. Fennesy argues the three-year statute of limitations, K.S.A. 60-512, applies to the implied warranty claims which she contends are alleged in count 18 of the second amended petition.

Fennesy relies upon *Tamarac Dev. Co. v. Delamater, Freund & Assocs.*, 234 Kan. 618, 675 P.2d 361 (1984), to argue her implied warranty claim is a contractual claim governed by the three-year statute of limitations.

In *Tamarac*, a housing developer contracted with an engineering/architectural firm for various services. The developer alleged the firm breached an oral contract to supervise grading construction and to check the grades upon completion to insure their accuracy. After the grading was completed, it was discovered too much dirt had been removed, creating drainage problems. The developer was forced to expend a considerable amount of money to remedy the problems. The sole issue in *Tamarac* was whether the developer's claim sounded in tort or in contract.

Although *Tamarac* does address the difference between a tort and contract action, it is not persuasive authority for concluding Fennesy's implied warranty claim against Redman is a contract action because *Tamarac* is not a product liability case. Fennesy's claims against Redman, including her claim for breach of implied warranty, are all included within the definition of a "product liability claim" in the Kansas Product Liability Act (KPLA). K.S.A. 1992 Supp. 60-3302(c) provides:

" 'Product liability claim' includes any claim or action brought for harm caused by the manufacture, production, making, construction, fabrication, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging, storage or labeling of the relevant product. It includes, but is not limited to, any action based on, strict liability in tort, negligence, breach of express or implied warranty, breach of, or failure to, discharge a duty to warn or instruct, whether negligent or innocent, misrepresentation, concealment or nondisclosure, whether negligent or innocent, or under any other substantive legal theory."

Under 60-3302(c), the provisions of the KPLA apply to actions based on strict liability in tort as well as negligence, breach of express or implied warranty, and breach of or failure to discharge a duty to warn or instruct. *Savina v. Sterling Drug Inc.*, 247 Kan. 105, 126, 795 P.2d 915 (1990). The KPLA applies to product liability claims involving damage to property, personal physical injuries, and attendant mental anguish or emotional harm. K.S.A. 1992 Supp. 60-3302(d). As alleged, all of Fennesy's claims and damages are covered by the KPLA.

The KPLA was adopted in 1981 (L. 1981, ch. 231). As we noted in *Baumann v. Excel Industries, Inc.,* 17 Kan. App. 2d 807, 845 P.2d 65 (1993), when the KPLA was enacted, the Kansas Legislature used the Model Uniform Product Liability Act (MUPLA) as a reference, but did not adopt the MUPLA in its entirety. The MUPLA, developed by the United States Department of Commerce, was published, with commentary, at 44 Fed. Reg. 62,714 *et seq.* (1979). The purpose of both the MUPLA and the KPLA is to merge all legal theories of product liability into one single product liability claim. *Chamberlain v. Schmutz Mfg. Co., Inc.,* 532 F. Supp. 588, 590 (D. Kan. 1982), citing 60-3302(c). The KPLA has been described as a "substantive and procedural overhaul of product liability law in Kansas." 532 F. Supp. at 591. To determine the statute of limitations applicable to a product liability claim, we must look to the KPLA.

The MUPLA § 110(C) contained a provision for a statute of limitation that was not included in the KPLA: "No claim under [the MUPLA] may be brought more than two (2) years from the time the claimant discovered, or in the exercise of due diligence should have discovered, the harm and the cause thereof." 44 Fed. Reg. at 62,732. Instead of that provision, the Kansas Legislature provided: "[N]othing contained in subsections (a) and (b) above shall modify the application of K.S.A. 60-513, and amendments thereto." K.S.A. 1992 Supp. 60-3303(c).

K.S.A. 1992 Supp. 60-3303(c) makes specific reference to 60-513 and does not mention 60-512. The KPLA provides a two-year statute of limitations for a product liability claim, unless exceptions stated or referenced within the Act apply. We conclude a two-year statute of limitations applies to Fennesy's implied warranty claim against Redman.

Having concluded a two-year statute of limitations applies to Fennesy's claim against Redman, in order to avoid dismissal as untimely filed, Fennesy must prevail on her argument that her second amended petition relates back to the date of the filing her first amended petition. She relies upon the interplay between 60-203 and 60-215(c) in contending her second amended petition naming Redman was timely filed. K.S.A. 1992 Supp. 60-203(a) provides:

"A civil action is *commenced* at the time of: (1) Filing a petition with the clerk of the court, if service of process is obtained or the first publication is made for service by publication within 90 days after the petition is filed, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff; or (2) service of process or first publication, if service of process or first publication is not made within the time specified by provision (1)." (Emphasis added.)

K.S.A. 60-215(c) provides:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, *within the period provided by law for commencing the action* against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he would not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." (Emphasis added.)

It is not disputed that the second amended petition naming Redman as a party defendant arose out of the same conduct, transactions, or occurrences set forth in the first amended petition. The parties dispute, however, whether Redman received the requisite notice and whether that notice was received "within the period provided by law for commencing the action."

We agree Redman was not properly served on December 21, 1990. Fennesy had not yet received the court's permission to file a second amended petition naming Redman when Redman was served with a summons and a copy of the first amended petition. However, 60-215(c) refers to *notice,* not valid service of process. In *Marr v. Geiger Ready-Mix Co.,* 209 Kan. 40, 47, 495 P.2d 1399 (1972), the court noted this distinction:

"It should be emphasized that at no point has the question of proper service of summons been called into play. This is because informal notice is sufficient under Federal Rule No. 15 (c), as amended, to bring into operation the relation back of the amendment. The rule is the same under 60-215 (c), as amended, in the Kansas Code of Civil Procedure."

Pursuant to 60-215(c), within the time period prescribed for commencing an action against it, Redman (1) must have received notice that an action had been instituted against it so that it

would not be prejudiced in maintaining a defense; and (2) must have known or should have known that, but for the mistaken identity, the action would have been brought against it.

Whether Redman received notice sufficient to satisfy 60-215(c)(1) and (2) remains a factual question unexplored by the district court. These questions may become moot if we conclude the notice received by Redman on December 21, 1990, was not received "within the period provided by law for commencing the action."

Only a handful of Kansas cases have addressed or interpreted 60-215 since its 1969 evolution into its present form. Two of these cases, *Marr*, 209 Kan. 40, and *Anderson v. United Cab Co.*, 8 Kan. App. 2d 694, 666 P.2d 735, *rev. denied* 234 Kan. 1076 (1983), are significant. In *Marr*, the court recognized the 1969 amendments to 60-215(c) allowed for the relation back of petition amendments changing the identity of a defendant. The *Marr* decision and the 1969 amendments to 60-215(c) effectively invalidated prior decisions that held petition amendments to add or change a party did not relate back. Redman relied on two of these pre-statutory-amendment decisions, *Schmidt v. Nauman*, 202 Kan. 131, 446 P.2d 828 (1968), and *Skeen v. Sisters of St. Joseph*, 194 Kan. 212, 398 P.2d 587 (1965), in its reply to Fennesy's suggestions in opposition to Redman's motion to dismiss.

In *Anderson*, this court examined the interrelationship between 60-215(c) and 60-203. The *Anderson* action arose after an automobile accident on November 24, 1976. A petition was filed on November 24, 1978, the last possible day under 60-513. Defendant was served three days after expiration of the statute of limitations, although the petition did not state defendant's proper name. An agreed order was later approved allowing plaintiffs to amend their case caption to add "Inc." to "United Cab Co." As noted in *Marr*, 209 Kan. at 44-46, and *Anderson*, 8 Kan. App. 2d at 696, such a minor change is still covered by 60-215.

The key issue in *Anderson*, as in the present case, involved interpretation of the 60-215(c) phrase "within the period provided by law for commencing the action." In *Anderson*, 8 Kan. App. 2d at 696, we noted the court in *Ingram v. Kumar*, 585 F.2d 566, 570-72 (2d Cir. 1978), "found that, although on its face it seems to indicate the applicable statute of limitations period, such

a literal interpretation is unjustified in jurisdictions where timely service of process can be effected (K.S.A. 60-203) after the statute of limitations has run." See *Hunt v. Broce Const., Inc.,* 674 F.2d 834, 836-37 (10th Cir. 1982). We also noted in *Anderson* that "the error in the name was a slight one since defendant's status as a corporation was identified although the corporate designation 'Inc.' was not used." 8 Kan. App. 2d at 698. However, it was further noted in *Anderson* that the Supreme Court does not restrict relation back to only those cases involving minor misnaming of a defendant. 8 Kan. App. 2d at 696-97 (citing *Marr,* 209 Kan. at 46). In *Anderson,* we held that when

"an amendment is sought to change the name of a defendant, the phrase 'period provided by law for commencing the action,' as used in K.S.A. 60-215(c), includes both the time set out in the applicable statute of limitations and the 90-day period allowed for effective service of process to relate back to the date of the petition." 8 Kan. App. 2d at 698.

One could argue that, under 60-203, the 90- or 120-day period should only be added when determining whether a petition has been timely served, rather than added to the end of the limitation period to effectively extend the period for timely filing by 90 or 120 days. Under this argument, the 90 or 120 days would only extend beyond the limitation if the petition is filed less than 90 or 120 days prior to expiration of the statute of limitations. We note, however, the language in *Anderson* has been interpreted liberally to effectively extend the limitation period for filing by 90 or 120 days.

"If service within 90 or 120 days of the end of the statutory period satisfies the policies of the statute of limitations, then informal notice of commencement during that period should be sufficient to permit an amendment adding a new party to relate back, if the other requirements of K.S.A. 60-215(c) are met. The phrase 'within the period provided by law for commencing the action against him' may be construed to include the statutory period plus 90 or 120 days." 2 Vernon's Kansas C. Civ. Proc. § 60-215(c), Author's Comments, p. 22 (1992 Supp.).

Therefore, under *Anderson,* assuming Redman received notice sufficient to satisfy 60-215(c)(1) and (2) by receipt of the summons and first amended petition on December 21, 1990, the notice to Redman on that date would result in timely commencement of an action against Redman. Redman received notice within the

two-year statute of limitations plus the 90-day period provided in 60-203(a), which would allow the amendment to relate back at least to the date of the first amended petition, which was filed before the two-year statute of limitations expired.

A recent United States Supreme Court decision arguably dictates a different result. In *Schiavone v. Fortune,* 477 U.S. 21, 91 L. Ed. 2d 1, 106 S. Ct. 2369 (1986), the Court examined Federal Rule of Civil Procedure 15(c). The federal rule at that time was substantively identical to the current Kansas rule. Unlike *Anderson,* the Court strictly interpreted the phrase "within the period provided by law for commencing the action" so that an intended defendant is required to have received notice *before* expiration of the statute of limitations without extension. 477 U.S. at 30-31. Specifically, the Court stated:

"We are not inclined . . . to temper the plain meaning of the language [of Rule 15(c)] by engrafting upon it an extension of the limitations period equal to the asserted reasonable time, inferred from Rule 4, for the service of a timely filed complaint. Rule 4 deals only with process. Rule 3 concerns the 'commencement' of a civil action. Under Rule 15(c), the emphasis is upon 'the period provided by law for commencing the action against' the defendant. An action is commenced by the filing of a complaint." *Schiavone,* 477 U.S. at 30.

At the time *Schiavone* was decided, Federal Rule of Civil Procedure 3 stated: "A civil action is commenced by filing a complaint with the court." Federal Rule of Civil Procedure 4 provided:

"If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion."

Under the *Schiavone* rule, the addition of Redman would not relate back because Redman did not receive any notice *before* expiration of the two-year statute of limitations for product liability actions. The question presented here is whether the *Schiavone* rationale is viable when the language of 60-215(c) and 60-203 is considered. No published Kansas appellate court opinion has addressed the *Schiavone* decision in the context of these Kansas statutes.

When the *Schiavone* rationale is applied in the context of 60-203 and 60-215(c), a different result from that reached in *Schiavone* is required. In *Schiavone,* the Court refused to consider the extension period found in Federal Rule 4. Instead, it interpreted Federal Rule 15(c) by strictly applying the definition of "commencement" as found in Federal Rule 3. The Kansas statutes include within the definition of "commencement" an extended period to achieve service. K.S.A. 60-203. If we follow the rationale of *Schiavone,* 60-203 would require our inclusion of the period for service within our definition of "commencement."

Therefore, we conclude our decision in *Anderson* remains good law after *Schiavone.* When determining the "period provided by law for commencing the action" as contained in 60-215(c), the period includes both the time set out in the applicable statute of limitations and the 90- or 120-day period allowed for effective service of process under 60-203(a). We also note, effective December 1, 1991, Federal Rule 15(c) was amended to change the result required by *Schiavone,* recognizing the period provided for service under Federal Rule 4. 6A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1498 (1992 Supp.).

In the present case, Redman received some type of notice "within the period provided by law for commencing the action" when it received the summons and first amended petition on December 21, 1990. Whether it received notice which would satisfy 60-215(c)(1) and (2) and entitle plaintiff to the relation back provision remains a factual question to be resolved by the district court.

Reversed and remanded for further proceedings.