Lucy **PEDRO**, Plaintiff,

v.

**ARMOUR SWIFT-ECKRICH, Defendant and Third– Party Plaintiff,**

v.

**Kunkel Enterprises, Inc., d/b/a CK Enterprises, Inc., Third–Party Defendant.**

No. 99–4103–SAC.

United States District Court, D. Kansas.

Sept. 26, 2000.

**1156**

Henry O. Boaten, Topeka, KS, for Plaintiff.

James R. McKown, Kristine Anne Tidgren, Spencer, Fane, Britt & Browne, Kansas City, MO, Donald Patterson, Fisher, Patterson, Sayler & Smith, Topeka, KS, William A. Larson, Gehrt & Roberts, Chartered, Topeka, KS, Richard V. Eckert, Office of Shawnee County Counselor, Topeka, KS, for Defendants.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

The case comes before the court on the motion of the plaintiff Lucy Pedro to review (Dk. 51) the magistrate judge's memorandum and order filed March 23, 2000, (Dk. 49), which denied her motion to join (Dk. 38) F.R. Drake Company ("Drake") as a defendant. The plaintiff filed her motion for review approximately thirty-two days after the magistrate judge filed his decision. The plaintiff's motion is untimely, as it was filed more than ten days after she was served with a copy of the order. *See* Fed.R.Civ.P. 72.

## BACKGROUND

The plaintiff filed this action in the District Court of Geary County, Kansas, alleging that she worked for a private contractor, C.K. Enterprises Inc., and was injured while cleaning "machines belonging to the Defendant, Armour Swift–Eckrich ("Swift–Eckrich"). (Dk.1) The complaint specifically alleged that Swift–Eckrich was at fault for "demanding persons to clean their machines while the machine was on operating mode" and while it lacked other safety equipment and notices and for not providing safety manuals and training for the protection of individuals coming into contact with the machine. (Dk.1, ¶ 4). The complaint contains no allegation that Swift–Eckrich was at fault in the designing or manufacturing of the machine. Swift–

Eckrich removed the case to federal court and filed a third-party complaint against Kunkel Enterprises ("Kunkel"). (Dk.1). Swift–Eckrich later filed a motion to join Drake as an additional defendant (Dk.11), which was denied for failure to comply with D.Kan. Rule 7.1 (Dk.12).

Swift–Eckrich then filed a motion to amend its pleadings to assert a third-party claim against Drake and to add Drake as an additional defendant. (Dk.18). The plaintiff subsequently filed her own motion to join Drake on a products liability claim that Drake had manufactured the defective machine and that it was liable under theories of strict liability, negligence, and warranty. (Dk.38). In a phone conference with the district court, the parties told the court that Swift–Eckrich's motion (Dk.18) was moot in light of their settlement with the plaintiff and Kunkel. (Dk.40). At the same time, the parties represented the plaintiff's motion to join Drake was still pending. (Dk.40).

Because the plaintiff filed her motion to join more than two years after her cause of action accrued against Drake, the magistrate judge denied the plaintiff's motion on grounds of futility. The magistrate judge found the plaintiff's claims were subject to a two-year statute of limitations and did not relate back to the date that the original complaint was filed.

**STANDARD OF REVIEW**

■ A district court's review of a magistrate judge's decision on a nondispositive pretrial matter is governed by 28 U.S.C. § 636(b)(1)(A). Under this provision, the district court may reconsider any pretrial matter where a party shows that the magistrate judge's order is clearly erroneous. *See also* Fed.R.Civ.P. 72(a); *Hutchinson v. Pfeil,* 105 F.3d 562, 566 (10th Cir.), *cert. denied,* 522 U.S. 914, 118 S.Ct. 298, 139 L.Ed.2d 230 (1997). "The clearly erroneous standard ... requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *See Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir.1988)

(quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).

■ Ordinarily, a magistrate judge's ruling on a motion to amend the complaint is a non-dispositive ruling subject to the clearly erroneous standard of review. *See Pagano v. Frank,* 983 F.2d 343, 346 (1st Cir.1993); *First Savings Bank, F.S.B. v. U.S. Bancorp,* 184 F.R.D. 363, 366 (D.Kan. 1998) (and cases cited therein). This approach holds true particularly where the magistrate judge's order grants leave to amend and does not have the effect of removing any claim or defense. *See Stetz v. Reeher Enterprises, Inc.,* 70 F.Supp.2d 119, 120 (N.D.N.Y.1999). When the magistrate judge's order denying a motion to amend, however, effectively removes a defense or claim from the case, it may well be a dispositive ruling that the district court should review *de novo. Allendale Mut. Ins. Co. v. Rutherford,* 178 F.R.D. 1, 2 (D.Me.1998); *cf. Ocelot Oil Corp. v. Sparrow Industries,* 847 F.2d at 1462–63 ("[M]otions not designated on their face as one of those excepted in [28 U.S.C. § 636(b)(1)] subsection (A) are nevertheless to be treated as such a motion when they have an identical effect."). Thus, "denial of leave to amend is a dispositive decision at least in situations where the denial is premised on futility." *HCC, Inc. v. R H & M Machine Co.,* 39 F.Supp.2d 317, 321 (S.D.N.Y.1999) ("The Court discerns no reason why denial of a motion for leave to amend based on futility should be classified differently than would decision of a substantive motion to dispose of those same claims when already pleaded."). The court views the magistrate judge's decision here denying leave to add a party on futility grounds as a dispositive decision subject to de novo review. *See* Fed.R.Civ.P. 72(b).

■ "De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court." *Summers v. State of Utah,* 927 F.2d 1165, 1167 (10th Cir.1991) (citations omitted). "In the absence of timely objection, the district court

may review a magistrate's report under any standard it deems appropriate." *Id.* The district court is given considerable discretion in its review of those matters to which no timely objection was made. *Id.* at 1167–68. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

## FUTILITY DOCTRINE ON LEAVE TO AMEND

█ The Court shall freely give plaintiff leave to amend "when justice so requires." Fed.R.Civ.P. 15. Motions to amend are matters of discretion for the trial court, *Woolsey v. Marion Laboratories, Inc.,* 934 F.2d 1452, 1462 (10th Cir.1991), and a refusal to grant leave to amend should normally be justified by factors such as futility, undue delay, undue prejudice to the non-moving party, or bad faith of the moving party, *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir.1993). "Although Fed.R.Civ.P. 15(a) requires leave to amend be given freely, that requirement does not apply where an amendment obviously would be futile." *TV Communications Network, Inc. v. Turner Network Television, Inc.,* 964 F.2d 1022, 1028 (10th Cir.), *cert. denied,* 506 U.S. 999, 113 S.Ct. 601, 121 L.Ed.2d 537 (1992).

█ A court may properly deny leave to amend if the amendment would prove futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County School Dist. No. R–1 v. Moody's Investor's Services,* 175 F.3d 848, 859 (10th Cir.1999) (citation omitted). Thus, the court considers the sufficiency of the plaintiff's product liability claims against Drake using the same analysis as would govern a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Stetz,* 70 F.Supp.2d at 121; *see Grossman v. Novell, Inc.,* 120 F.3d 1112, 1118, 1125–26 (10th Cir.1997). Accepting the well-pleaded allegations of the complaint as true and construing them in

the light most favorable to the plaintiff, the district court may appropriately dismiss a complaint only when it appears that plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *Grossman,* 120 F.3d at 1118. Dismissal pursuant to Rule 12(b)(6) is proper when the face of the complaint "indicates the existence of an affirmative defense such as noncompliance with the limitations period." *Bullington v. United Air Lines, Inc.,* 186 F.3d 1301, 1311 n. 3 (10th Cir.1999).

## STATUTE OF LIMITATIONS

The plaintiff seeks to join Drake on amended claims of negligence, strict product liability, and breach of express and implied warranties in the manufacture, design, and warnings for use of this machine. In a diversity case such as this, we apply the substantive law, including the statutes of limitations, applicable under the law of the forum state. *See, e.g., Miller v. Armstrong World Industries, Inc.,* 949 F.2d 1088, 1089 n. 3 (10th Cir.1991). There is no dispute that the two-year statute of limitations in K.S.A. § 60–513(b) governs the plaintiff's claims of negligence and strict liability.

██ As far as the plaintiff's warranty claims, the court agrees with the magistrate judge that a two-year limitations period applies to those cognizable here. A breach of express warranty claim is contractual in nature, *Haysville U.S.D. No. 261 v. GAF Corp.,* 233 Kan. 635, 644, 666 P.2d 192 (1983), and the four-year limitations period in K.S.A. § 84–2–725 applies if the case involves the sale of goods, *Transamerica Oil Corp. v. Lynes, Inc.,* 723 F.2d 758, 762 (10th Cir.1983). The plaintiff here has failed to allege the existence of an agreement giving rise to such a claim. The breach of express warranty claim, therefore, cannot withstand a motion to dismiss. The Kansas Product Liability Act, K.S.A. § 60–3302(c) applies to all legal theories of product liability—"negligence, breach of express or implied warranty, and breach of or failure to discharge a duty to warn or instruct"—and merges them into one single product liability claim subject to

the two-year statute of limitations in K.S.A. § 60–513. *Fennesy v. LBI Management, Inc.*, 18 Kan.App.2d 61, 65–66, 847 P.2d 1350, 1355 (1993); *see White v. O'Dell Industries, Inc.*, No. 99–2315–JWL, 1999 WL 1096046, at *1 (D.Kan. Oct. 26, 1999). Alternatively, the plaintiff's implied warranty claims sound in tort in seeking to recover for personal injuries thus making K.S.A. 60–513 applicable. *Bloesser v. Office Depot, Inc.*, 158 F.R.D. 168, 170 (D.Kan.1994); *Arnold v. Riddell, Inc.*, 853 F.Supp. 1488, 1492 (D.Kan.1994); *see Winchester v. Lester's of Minnesota, Inc.*, 983 F.2d 992, 994–95 (10th Cir.1993).

In seeking review of the magistrate judge's decision, the plaintiff asks this court to rely exclusively on the 1996 Kansas comment to K.S.A. 84–2–725 and to ignore *Fennesy v. LBI Management, Inc.*, 18 Kan.App.2d at 65–66, 847 P.2d 1350, as wrongly decided. As disclosed at the front of the Kansas Statutes Annotated Volume Seven on the Uniform Commercial Code, the Kansas comments were prepared by two law school professors. Comment 4, on which the plaintiff relies, is simply these professors' opinion on what would be a "better approach" to what the federal courts have decided in interpreting and applying *Haysville U.S.D. No. 261 v. GAF Corp.*, 233 Kan. 635, Syl ¶ 4, 666 P.2d 192, 200–201 (1983) (the comparative negligence statute applies to warranty claims seeking to recover for death, personal injury or physical damage to property), and *Kennedy v. City of Sawyer*, 228 Kan. 439, 618 P.2d 788 (1980) (an implied warranty claim in a products liability action sounds in tort). The professors in Kansas comment 4 further opine that any change in the applicable limitations period should be made by the legislature. As the court in *Fennesy* concluded, the Kansas legislature apparently did just that in adopting the Kansas Product Liability Act that merged the different legal theories into one product liability claim and recognized only the limitations period in K.S.A. 60–513. The *Fennesy* decision stands as the current law of Kansas which this court is not free to ignore.

## RELATION BACK

The plaintiff asserts the magistrate judge erred in applying Fed.R.Civ.P. 15(c) rather than K.S.A. § 60–215(c), when he held that the plaintiff simply lacked knowledge of the manufacturer and did not commit a mistake in the identification of a known party. Both provisions, however, contain the same mistaken identity requirement: "the party to be brought in by amendment: . . ., and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." The plaintiff concedes the Kansas statute was amended to mirror the federal rule. The plaintiff makes no attempt to identify any substantive differences between the provisions or to find any error here in the magistrate judge's application of the federal rule or the federal case law interpreting it.

Relying again on commentary to a Kansas statute, the plaintiff construes a quotation from 1 Hon. Spencer A. Gard and Robert C. Casad, *Kansas Code of Civil Procedure Annotated 3d*, Art. 2–111 and 2–112 (1997), as suggesting it is enough in Kansas that a proposed defendant receive notice of the institution of the proceedings. The plaintiff's reading of this quotation is strained at best. The court finds nothing in this commentary to suggest that Kansas courts would ignore the mistaken identity requirement in applying K.S.A. § 60–215(c). Indeed, the Kansas Supreme Court in *Martindale v. Tenny*, 250 Kan. 621, 829 P.2d 561 (1992), enforced this requirement and interpreted it as follows:

All of the foregoing cases involve situations where the plaintiff intended from the outset to sue the correct defendant but through some error did not actually have the exact name of the defendant. That is precisely the situation which K.S.A. 60–215(c) seeks to rectify, and when there is adequate notice and the other provisions of the statute are met, the courts should be liberal in allowing

amendments to add additional defendants.

.    .    .    .    .

While our research has revealed no cases directly in point on these unusual facts and the procedure followed here, many of the cases comment that under (c)(2) of the federal rule or comparable state statute, there must have been a "mistake concerning the identity of the proper party." In our opinion, the statute, which is clearly an attempt to avoid the harsh application of the statute of limitations, applies where there has been a good faith attempt to properly name and join the intended defendant but that attempt has been thwarted through some honest mistake in the identity of the proper defendant.

250 Kan. at 642-43, 829 P.2d 561. The plaintiff's argument is without merit.

█ The plaintiff alternatively argues that the Kansas courts would enforce the mistaken identity requirement more liberally than the federal courts. The plaintiff offers nothing to support his argument and disputes the magistrate judge's observation "that federal decisions are authoritative in construing the Kansas statute." The plaintiff contends the federal decisions "are only persuasive" and not "authoritative" on this point. The plaintiff is mistaken in that both the Kansas Supreme Court and the Kansas Court of Appeals has said that federal case law construing Fed. R.Civ.P. 15(c) is "authoritative in construing" K.S.A. 60–215(c). *Marr v. Geiger Ready–Mix Co.*, 209 Kan. 40, 46, 495 P.2d 1399 (1972); *Anderson v. United Cab Co.*, 8 Kan.App.2d 694, 696, 666 P.2d 735, *rev. denied*, 234 Kan. 1076 (1983). Moreover, the Kansas Supreme Court in *Martindale* cited federal case law in support of its "interpretation and application of K.S.A. 60–215(c)(2)" and the mistaken identity requirement. 250 Kan. at 643, 829 P.2d 561. Thus, the district court believes the magistrate judge correctly found that the relation back issue would be resolved the same under either Fed.R.Civ.P. 15(c) or K.S.A. 60–215(c).

As stated above, the plaintiff does not take issue with the manner in which the magistrate judge here interpreted and applied Fed.R.Civ.P. 15(c). There being no timely objection to this part of the magistrate judge's order, the court has reviewed the same and is satisfied that the order is correct on the facts and law as stated there. The plaintiff's initial complaint named one defendant, Swift–Eckrich, as the owner of the machine, not the manufacturer. There were no allegations regarding the identity of the manufacturer or Swift–Eckrich's fault in the manufacturing or design of the machine. This case is an instance of an unknown defendant who is later identified and not a mistaken identification of a known party. Unable to satisfy the mistaken identity requirement, the plaintiff's amended complaint would not relate back and her claims would be barred under the two-year statute of limitations. The plaintiff's motion to join is denied as futile.

IT IS THEREFORE ORDERED that the plaintiff's motion to review (Dk.51) the magistrate judge's memorandum and order filed March 23, 2000, (Dk.49) is granted insofar as the court has reviewed de novo the issues presented and sustains the magistrate judge's denial of the plaintiff's motion to join.